**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KORI THIESSEN,

        Plaintiff,

        v.                        Case No. 25-2315

CHRISTOPHER COLSON,

        Defendant.

## <u>NOTICE OF REMOVAL</u>

Defendant Christopher Colson ("Defendant"), an employee of the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth"), files this Notice of Removal of Case No. LV-2025-DM-000384 in the District Court of Leavenworth County, Kansas, to the United States District Court for the District of Kansas. Under 28 U.S.C. § 1442(a)(1), Defendant alleges and states:

1.      Plaintiff Kori Thiessen ("Plaintiff") is also employed by USP Leavenworth. Defendant supervises Plaintiff's work as a USP Leavenworth employee. On or around May 29, 2025, Plaintiff initiated this state court civil action against Defendant by filing a Petition For Protection From Stalking, Sexual Assault, Or Human Trafficking Order (the "Stalking Petition") pursuant to K.S.A. § 60-31a01. *See* Exhibit ("Ex.") A at 7. The Stalking Petition lists Defendant's business address at USP Leavenworth. *Id.* at 8.

2.      The Stalking Petition contains allegations that are up to seven months old. Plaintiff alleges that (a) Defendant contacted Plaintiff "during non duty hours" on her personal cell phone or personal email about issues that were not "work related emergencies," after which Defendant "chastised" her in October 2024 for not responding; (b) in November 2024, after Plaintiff asked to be reassigned to a new supervisor, she was ordered to check in "directly" with her supervisor when

arriving, departing, and teaching an annual training session; (c) in February 2025, Plaintiff was absent from work and Defendant directed the human resources manager to conduct a welfare check; (d) in March 2025, Defendant required Plaintiff's personal medical information to approve worker's compensation and related appointments; and (e) while on leave in May 2025, Defendant asked the police to conduct a welfare check on Plaintiff because he had not heard from her in several days. *Id.* at 9.

3.      The Stalking Petition asks the state court to issue an ex parte Temporary Order of Protection and Final Order of Protection restraining Defendant from "telephoning, contacting or otherwise communicating with" Plaintiff. *Id.* at 11. The Stalking Petition similarly requests an order restraining Defendant from having "any contact" with Plaintiff, having access to "any personal information" about Plaintiff, or otherwise interfering with the "privacy rights" of Plaintiff. *Id.*

4.      On or around May 29, 2025, the state court issued a Temporary Order of Protection from Stalking, Sexual Assault, or Human Trafficking ("Temporary Order of Protection"). *Id.* at 3. The court directed Defendant not to (a) "enter or come on or around" the "place of employment" of Plaintiff or "other family or household member;" (b) "communicate either directly or indirectly, including in person, by phone, text or email message, any social media, or in any other way or manner" with Plaintiff or her "employer, employees, [or] fellow workers;" and (c) "direct or request another to contact" Plaintiff, "either directly or indirectly, including in person, by phone, text or email message, any social media, or in any other way or manner." *Id.* at 5. The state court set a hearing for June 16, 2025. *Id.* at 1, 3.

5.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1442(a)(1), which states that a civil action commenced in a state court against the United States of America ("United

States") or "any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed "to the district court of the United States for the district and division embracing the place wherein it is pending."

6.      28 U.S.C. § 1442 "affords the federal government, its officers, and agencies a generous removal mechanism over and above that provided by the general removal statute" at 28 U.S.C. § 1441. *Pretlow v. Garrison*, 420 F. App'x 798, 800 (10th Cir. 2011), *overruled in part on other grounds, Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166 (10th Cir. 2018). Stated differently, "[b]ecause it is so important to the federal government to protect federal officers, removal rights under section 1442 are much broader than those under section 1441." *Pretlow*, 420 F. App'x at 800 (citation omitted).

7.      Under 28 U.S.C. § 1442, the right of removal "is absolute for conduct performed under the color of federal office." *Cromar v. United States*, 816 F. App'x 235, 238 (10th Cir. 2020) (quoting *Arizona v. Manypenny*, 451 U.S. 232, 234 (1981)). Actions relating to "supervision" or "discipline" of or by a federal employee constitute conduct under the color of federal office. *Id.* Indeed, "[t]he basic purpose of federal officer removal is to protect the federal government from interference with its operations by state court proceedings." *Leak v. Gomez*, No. 21-2024-JWB, 2021 WL 3051873, *2 (D. Kan. July 20, 2021).

8.      The Stalking Petition and the Temporary Order of Protection implicate conduct under color of federal office. Whether Plaintiff agrees with them or not, all of Defendant's alleged communications relate to his supervisory role at USP Leavenworth. *See supra* ¶ 2. The allegations show that the actions supposedly taken by Defendant on his own accord or at the direction of some other federal officer were causally connected to the authority vested in a federal employment

3

supervisor. *See Leak*, 2021 WL 3051873, at *2 ("The challenged acts were taken by Defendant under color of his office as a supervisor for [a federal agency].") (brackets added).

9.      The Stalking Petition and the Temporary Order of Protection also directly interfere with the operation of the federal government. The Stalking Petition seeks to impede Defendant from performing his job duties by precluding him from having *any* contact or communication with Plaintiff, *see supra* ¶ 3, making it impossible for him to follow up on her work performance and work absences. The Temporary Order of Protection goes even farther, precluding Defendant not just from communicating with Plaintiff, but also from (a) directing any other employee or supervisor to communicate with Plaintiff; and (b) entering, coming on, or coming around her place of employment. *See supra* ¶ 4.

10.     In addition to the "under color of such office" requirement, removal under 28 U.S.C. § 1442 "must be predicated on the allegation of a colorable federal defense." *Pretlow*, 420 F. App'x at 800-01 (quoting *Mesa v. California*, 489 U.S. 121, 129 (1989)). Defendant has at least two such defenses here: (a) no court has subject matter jurisdiction because Plaintiff cannot show the United States has waived sovereign immunity in these circumstances; and (b) to the extent any federal statute does somehow waive sovereign immunity here, Plaintiff has not exhausted her administrative remedies.

11.     As to sovereign immunity, 28 U.S.C. § 1442 "was intended to protect just such a defense." *Cromar*, 816 F. App'x at 238. Sovereign immunity is "jurisdictional in nature" and, absent a waiver, "shields the Federal Government and its agencies from suit." *Id.* (citation omitted). "A suit against a government officer in his official capacity is really a suit against the official's office, and so officers acting within their authority generally also receive sovereign

immunity." *Leak*, 2021 WL 3051873, at *2 (citing, among other cases, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

12.     Plaintiff has not alleged (and cannot allege) that the United States has waived sovereign immunity with respect to the stalking claims she has asserted in state court. *See Leak*, 2021 WL 3051873, at *3 (commenting that "Plaintiff has not alleged or shown any possible basis for a waiver of sovereign immunity"). Nor has Plaintiff alleged any federal statute that authorizes stalking claims against the United States, its agencies, or its officers. Courts have allowed removal of – and subsequently dismissed – stalking allegations like Plaintiff's. *See id.* at *1-3 (approving the removal and dismissal of a case involving stalking allegations under K.S.A. 60-31a01).[1]

13.     Furthermore, under the doctrine of derivative jurisdiction, the absence of subject matter jurisdiction in state court (due to sovereign immunity) independently forecloses this case. The derivative jurisdiction doctrine precludes subject matter jurisdiction "where (i) a state court does not have subject matter jurisdiction, and (ii) a defendant removes the case to federal court under 28 U.S.C. § 1442." *Cahail v. United States*, No. 24-1216-JWB, 2025 WL 1616460, *1 (D. Kan. June 6, 2025); *see also id.* ("Under the derivative jurisdiction doctrine, a federal court cannot

---

[1] Courts in other jurisdictions have approved the removal and dismissal of stalking allegations as well. For examples, see *Tawfiq v. Cauley*, No. 22-cv-10245, *5-10 (E.D. Mich. Dec. 22, 2022) (involving employees of the Department of Veterans Affairs); *Clark v. United States*, No. C21-507 MJP, 2021 WL 3129623, *1-2 (W.D. Wash. July 23, 2021) (same); *Perkins v. Piggee*, No. 4:20 CV 1109 DDN, 2020 WL 8167492, *2-4 (E.D. Mo. Dec. 16, 2020) (involving employees of the United States Postal Service); *Young v. Frame*, 4:19-CV-16 RLW, 2019 WL 2437444, *1-4 (E.D. Mo. June 11, 2019) (same); *Podgorski v. Egan*, No. 3:17-CV-501-RJC-DCK, 2018 WL 4939288, *1-3 (W.D.N.C. Feb. 26, 2018) (involving employees of the Federal Deposit Insurance Corporation); *Hearne v. Jones*, No. 15 C 3513, 2015 WL 3798113, *1-2 (N.D. Ill. June 18, 2015) (involving employees of the Department of Defense Health Agency); *Ahmad v. Morley*, No. 14 C 1944, 2014 WL 2198251, *1-2 (N.D. Ill. May 27, 2014) (involving employees of Immigration and Customs Enforcement); and *Richards v. Wallace*, No. WDQ-09-2188, 2009 WL 4884524, *1-3 (D. Md. Dec. 10, 2009) (involving employees of the Social Security Administration).

exercise subject matter jurisdiction even if it could have had the plaintiff initially filed the case in federal court.").

14.     As to exhaustion of administrative remedies, even if Plaintiff had identified a federal statute that purports to waive sovereign immunity (which she has not), she does not allege that she pursued and completed any federal administrative process, whether under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*; the Civil Service Reform Act of 1978, 5 U.S.C. § 7501, *et seq.*; Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq.*; or any other statute. *See Pretlow*, 420 F. App'x at 802-04 (finding no exhaustion under several such statutes); *Leak*, 2021 WL 3051873, at *3 (similar). Defendant has no personal or domestic relationship with Plaintiff.

15.     As required by 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Defendant were filed on June 11, 2025, with this Notice of Removal. ECF 1.

16.     In conclusion, under 28 U.S.C. § 1442, the United States has the right, at its election and without bond, to remove this action from the District Court of Leavenworth County, Kansas, on behalf of Defendant, a federal employee at USP Leavenworth, to the United States District Court for the District of Kansas. With this Notice, the United States does elect to remove this action.

WHEREFORE, the United States hereby provides notice that Case No. LV-2025-DM-000384, pending in the District Court of Leavenworth County, Kansas, is removed from that court to the United States District Court for the District of Kansas.

Respectfully submitted,

DUSTON J. SLINKARD
Acting United States Attorney
District of Kansas

*s/ Christopher Allman*
CHRISTOPHER ALLMAN
Assistant United States Attorney
Ks. S. Ct. No. 14225
500 State Avenue, Suite 360
Kansas City, Kansas 66101
PH: (913) 551-6730
FX: (913) 551-6541
Email: chris.allman@usdoj.gov

*s/ Russell J. Keller*
RUSSELL J. KELLER
Assistant United States Attorney
Ks. S. Ct. No. 22564
290 Federal Bldg.
444 SE Quincy Street
Topeka, Kansas 66683
PH: (785) 295-2850
FX: (785) 295-2853
Email: russell.keller@usdoj.gov

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on June 11, 2025, the foregoing document and the notice of electronic filing were served upon the following non-CM/ECF participants:

Kori Thiessen
korimt@gmail.com
Plaintiff
Served by email[2]

Kaitlin Nicole Dubois
assistant@barndslaw.com
Barnds Law LLC
7400 College Boulevard, Suite 100
Overland Park, KS 66210
State court counsel for Plaintiff
Served by mail and email

*s/ Christopher Allman*
CHRISTOPHER ALLMAN
Assistant United States Attorney

---

[2] Because Plaintiff's address is not on her state court Petition or available on the electronic filing system for Leavenworth County, Defendant's counsel at this time is unable to mail a copy of this Notice to her. If Plaintiff provides this Court or defense counsel with her mailing address, counsel will mail a paper copy of the Notice.