## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KORI THIESSEN,

*Plaintiff,*

v.                                                          Case No. 25-2315-EFM-ADM

CHRISTOPHER COLSON,

*Defendant.*

## MEMORANDUM AND ORDER

This case originated in Kansas state court when Plaintiff Kori Thiessen filed a petition for protection against her supervisor at the Federal Correctional Institution in Leavenworth, Kansas ("FCI Leavenworth"). Defendant Christopher Colson removed the action to this Court and filed the first of two pending motions—a Motion to Dismiss for lack of jurisdiction (Doc. 5). Plaintiff subsequently filed a Motion to Remand to state court (Doc. 12). For the reasons stated herein, the Court grants Defendant's motion and denies Plaintiff's motion.

### I.      Factual and Procedural Background

Plaintiff and Defendant are both employed at FCI Leavenworth. They first became acquainted at a training event in April 2024. At the time of the training, Defendant was not yet employed at FCI Leavenworth. During the training event, Defendant asked Plaintiff out to dinner, and Plaintiff declined. Shortly after this training, Defendant sent an email to Plaintiff in which he complimented her passion for her work, noted that Plaintiff intended to leave her job at FCI Leavenworth, and encouraged her to "stay and show the bureau they can't run you off with their

BS."[1] Defendant was subsequently transferred to FCI Leavenworth and became Plaintiff's supervisor.

On May 29, 2025, Plaintiff initiated a state court civil action in Leavenworth County against Defendant by filing a Petition for Protection from Stalking, Sexual Assault, or Human Trafficking Order. In her petition, Plaintiff requests an order that would restrain Defendant from having any contact with Plaintiff and prevent Defendant from having access to Plaintiff's personal information. To support this request, Plaintiff makes several allegations against Defendant.

First, she alleges that "[m]y supervisor contacted me during non duty hours on my personal cell phone [and] personal email for issues which were not work related emergencies."[2] Because she did not answer these communications, Defendant chastised her, to which Plaintiff responded that he should not be contacting her during non-duty hours. Second, in November 2024, Plaintiff requested to be reassigned to a new supervisor. Her request was denied, and instead of being reassigned, Plaintiff was ordered by another agent to check in with her supervisor when she arrived to work and to check out when she departed. Third, in February 2025, Defendant directed a human resources manager to conduct a welfare check on Plaintiff because she was absent from work; Plaintiff was absent due to a compressed work schedule arrangement. Fourth, in March 2025, Plaintiff was injured at work, and Defendant requested her medical information to approve her workers' compensation claim. Finally, in May 2025, when Plaintiff was on leave, Defendant sent the police to conduct a welfare check on Plaintiff because Defendant had not heard from her "in a couple of days."[3]

---

[1] Doc. 12, Ex. 1.

[2] Doc. 1, Ex. A at 10.

[3] *Id.*

On May 29, 2025, a state court judge in Leavenworth County issued a temporary order of protection based upon Plaintiff's petition. The order prevents Defendant from entering or coming around Plaintiff's place of employment; communicating with Plaintiff, her employer, employees, or fellow workers in any manner; or engaging third-parties to communicate with Plaintiff.

On June 11, 2025, Defendant removed Plaintiff's suit against him to this Court. And on June 12, 2025, Defendant filed the present Motion to Dismiss. On July 28, 2025, Plaintiff filed a Response and, within the Response, requested this case be remanded to Leavenworth County. As the matters are ripe for adjudication, the Court will first address Plaintiff's Motion to Remand and then Defendant's Motion to Dismiss.

### III.    Analysis

#### A.    Motion to Remand

Plaintiff moves for remand, arguing that removal from Leavenworth County was improper. Defendant removed this case pursuant to 28 U.S.C. § 1442. This statute provides:

> A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: . . . any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, *for or relating to* any act under color of such office.[4]

Plaintiff asserts that Defendant was not acting under color of his office during the incidents she describes. In her view, Defendant was personally motivated because the two first met prior to Defendant becoming her supervisor and, at that time, Defendant was socially interested in Plaintiff. She argues that, even though Defendant is currently her supervisor, because their relationship

---

[4] 28 U.S.C. § 1442(a)(1) (emphasis added).

began as personal, his actions retain their personal characterization. As such, Plaintiff asserts that Defendant's actions were not taken under color of his office as 28 U.S.C. § 1442 requires.

To support her position, Plaintiff cites *Mesa v. California*[5] for the proposition that the "color of office" test requires a showing that the actions of the federal officer seeking removal were causally connected to their official duties. There, the Court recognized the simple nature of this test: there is sufficient causal connection when a defendant is on duty and at the place of his federal employment during the relevant time period giving rise to the suit.[6] But, after *Mesa*, in 2011, Congress broadened the application of this removal statute by including the words "for or relating to" within the text.[7] This broadened "federal officer removal to actions, not just *causally* connected, but alternatively *connected* or *associated*, with acts under color of federal office.[8]

Defendant's actions are sufficiently connected to or associated with his role as an officer of the United States to fall within the bounds of the statute. The "right of removal is absolute for conduct performed under the color of federal office."[9] This removal statute must be liberally construed to protect the federal government from state-court proceedings that "may reflect local prejudice against unpopular federal laws or officials."[10] As a supervisor at FCI Leavenworth, Defendant is an officer of the United States. The actions Plaintiff complains of plainly relate to his role as an officer of the United States. This is evidenced by the fact that Plaintiff identifies

---

[5] 489 U.S. 121 (1989).

[6] *Id.* at 133 (citing *Willingham v. Morgan*, 395 U.S. 402, 409 (1969)).

[7] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 292 (5th Cir. 2020) (citing Removal Clarification Act of 2011, Pub. L. No. 112-51, § 2(b)(1)(A), 125 Stat. 545, 545).

[8] *Id.* (emphases in original).

[9] *Cromar v. United States*, 816 F. App'x 235, 238 (10th Cir. 2020) (quoting *Arizona v. Manypenny*, 451 U.S. 232, 234 (1981)).

[10] *Doe v. Integris Health, Inc.*, 123 F.4th 1189, 1192–93 (10th Cir. 2024) (citations omitted).

Defendant as her "supervisor" in every description of the incidents of which she complains. Further, a primary purpose of this statute is to allow federal officers to present federal defenses in federal court.[11] Here, Defendant has raised a federal defense: sovereign immunity. Because the acts of which Plaintiff complain relate to Defendant's role as an officer of the United States and he presents a federal defense, the Court finds that Defendant properly removed this case pursuant to 28 U.S.C. § 1442(a)(1) and remand is inappropriate.

**B.        Motion to Dismiss**

Defendant moves to dismiss Plaintiff's suit on the grounds of sovereign immunity. He asserts that as a federal officer, a suit against him is a suit against the United States; further, the United States has not waived sovereign immunity.

Courts lack subject matter jurisdiction over claims against the United States "for which sovereign immunity has not been waived."[12] The doctrine of sovereign immunity extends to federal agencies[13] and their employees when sued in their official capacities.[14] As such, "[a] suit against a government officer in his official capacity is really 'a suit against the official's office,' and so officers acting within their authority generally also receive sovereign immunity."[15] The burden of establishing an "explicit waiver of sovereign immunity" rests on the plaintiff.[16]

---

[11] *Willingham v. Morgan*, 395 U.S. 402, 409 (1969) (noting that the opportunity to be heard in federal court on the validity of the federal defenses of official justification and immunity presented by federal defendants "is exactly what the removal statute was designed to accomplish").

[12] *Iowa Tribe v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010).

[13] *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

[14] *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989).

[15] *Leak v. Gomez*, 2021 WL 3051873, at *2 (D. Kan. July 20, 2021) (quoting *Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014)).

[16] *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992).

Plaintiff opposes this Motion to Dismiss primarily by attempting to characterize Defendant's actions as personal rather than in his role as a federal officer. But as discussed above, even by Plaintiff's own description, the actions of which Plaintiff complains were taken by Defendant as Plaintiff's supervisor at a federal agency. Because Plaintiff's suit is one of a federal employee against her supervisor at a federal agency for actions taken in relation to his role as her supervisor, this is a suit against the United States. Plaintiff makes no attempt to demonstrate that the United States has waived sovereign immunity, so the Court finds that the United States is immune from suit. Accordingly, even though this case was removed from state court, this Court is without subject matter jurisdiction, and dismissal is appropriate.[17]

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Dismiss (Doc. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Remand (Doc. 12) is **DENIED**.

**IT IS SO ORDERED**.

This case is closed.

Dated this 3rd day of November, 2025.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[17] *See Brunson v. Sotomayor*, 2024 WL 503728, at *2 (10th Cir. 2024) ("Because the government's sovereign immunity barred jurisdiction in state court, the federal district court lacked derivative jurisdiction."); *see also, e.g.*, *Leak*, 2021 WL 3051873, at *3 (dismissing on the basis of sovereign immunity after a USPS supervisor removed a state court action filed by his employee); *Ducksworth v. Owens*, 2020 WL 3064206, at *2 (E.D. Mo. June 8, 2020) (same).